**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**HAROLD COSNER,**
**Claimant Below, Petitioner**

**vs.)  No. 20-0416** (BOR Appeal No. 2055042)
          (Claim No. 2012014930)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Harold Cosner, by Counsel J. Thomas Greene Jr. and T. Colin Greene, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Consolidation Coal Company, by Counsel David K. Liberati, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator found that Mr. Cosner was fully compensated by his prior 5% award in its October 16, 2018, decision. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 13, 2020, Order. The Order was affirmed by the Board of Review on May 27, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions .

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Cosner, a retired coal miner, developed occupational pneumoconiosis in the course of his thirty-eight years of employment. The Occupational Pneumoconiosis Board ("OP Board") evaluated Mr. Cosner on August 7, 2012, and found that he had no more than 5% impairment due to occupational pneumoconiosis. Mr. Cosner was sixty-one and had thirty-eight years of exposure to hazardous dust. Chest x-rays were taken and compared to a prior study dated March 13, 1989. The OP Board determined that there was a mild degree of nodular fibrosis consistent with occupational pneumoconiosis but no pleural plaque formation. On September 18, 2012, the claims administrator granted no additional permanent partial disability award, stating that Mr. Cosner was fully compensated by a prior 5% award.

Treatment notes from WVU Medicine indicate Mr. Cosner was seen on May 22, 2013, for an abnormal chest CT scan. It was noted that he was a lifelong nonsmoker. Findings were consistent with exposure to coal and silica dust. A pulmonary function study showed an FEV1/FVC ratio of 75%, an FEV1 of 96%, and an FVC of 84%. He was diagnosed with occupational pneumoconiosis with profusion of 2/2 in all zones. On September 19, 2013, a chest CT scan showed innumerable centrilobular nodules, most likely due to hypersensitivity pneumonitis or bronchiolitis interstitial lung disease if Mr. Cosner was a smoker. On September 24, 2013, it was noted that a study performed that day showed an FEV1/FVC of 77, an FEV1 of 99%, and an FVC of 97%. Mr. Cosner was diagnosed with occupational pneumoconiosis that was stable. On September 22, 2014, Mr. Cosner underwent another chest CT scan. Innumerable centrilobular nodules were again noted. It was also noted that a possible diagnosis was occupational pneumoconiosis.

In a March 28, 2014, Order, the Office of Judges affirmed the September 18, 2012, claims administrator decision granting no additional permanent partial disability award. On August 21, 2017, the claims administrator denied a reopening of the claim for consideration of additional permanent partial disability.

Attila Lenkey, M.D., performed an Occupational Lung Disease Evaluation on February 8, 2018, and noted that Mr. Cosner smoked cigars for twenty-five years, though he did not use them daily. Pulmonary function and blood gas studies were normal, but a diffusion study was borderline low, showing 15% impairment. A chest x-ray was interpreted by Jeffrey Unger, M.D., as showing

2

perfusion of 1/1, consistent with occupational pneumoconiosis. The final assessment was 15% impairment. On June 1, 2018, the Office of Judges reversed the August 21, 2017, claims administrator decision and reopened the claim for consideration of an additional permanent partial disability award.

The OP Board evaluated Mr. Cosner on August 23, 2018, and found that he had no more than 5% impairment due to occupational pneumoconiosis. The OP Board noted that Mr. Cosner was sixty-seven years old and had thirty-two years of hazardous dust exposure. The OP Board reviewed the prior pulmonary function studies of August 23, 2017, and February 8, 2018. It also reviewed x-rays taken that day and found simple occupational pneumoconiosis with no pleural plaque formation or calcification and no significant change from the prior x-ray. On October 16, 2018, the claims administrator found Mr. Cosner to be fully compensated by a prior 5% permanent partial disability award.

The OP Board testified in a hearing before the Office of Judges on January 9, 2019. Jack Kinder, M.D., testified on behalf of the OP Board that the pulmonary function studies performed on August 23, 2018, and February 8, 2018, were normal. Dr. Kinder noted that the February 8, 2018, diffusion study showed 15% impairment but the OP Board's August 23, 2018, diffusion study was normal. Dr. Kinder stated that the OP Board's policy is to accept the best study and the Board therefore remained of the opinion that Mr. Cosner was fully compensated by his prior 5% permanent partial disability award.

On December 4, 2019, the OP Board testified in a hearing before the Office of Judges. John Willis, M.D., testified on behalf of the Board that the 2012 and 2018 x-rays showed nodular fibrosis consistent with simple occupational pneumoconiosis. Dr. Kinder also testified on behalf of the Board. He stated that though Dr. Lenkey's February 8, 2018, diffusion study showed 15% impairment, the Board's own study performed six months later indicated only 5% impairment. Dr. Kinder stated that the OP Board would rely on the study with the higher diffusion level because there would not be improvement in diffusion related to occupational pneumoconiosis. He remained of the opinion that Mr. Cosner was fully compensated by his prior 5% award.

In its January 13, 2020, Order, the Office of Judges affirmed the claims administrator's decision finding Mr. Cosner was fully compensated by his prior 5% permanent partial disability award. The Office of Judges concluded that Mr. Cosner failed to prove that the OP Board's findings were clearly wrong. The OP Board testified that though Dr. Lenkey's February 8, 2018, diffusion study showed 15% impairment, the OP Board's own study conducted six months later showed 5% impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 27, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a (2019), provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." A preponderance of the evidence indicates Mr. Cosner has no more

than 5% impairment due to occupational pneumoconiosis and has therefore been fully compensated by his prior award.

Affirmed.

**ISSUED: September 22, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4